IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                           No. CR 08-1847 JB

VICTOR DELGADILLO-GALLEGOS,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on: (i) the Objection to Presentence Report, filed June 5, 2009 (Doc. 35)("Objection"); and (ii) the Motion to Deviate from Advisory Guideline Recommendations, filed July 3, 2009 (Doc. 39). The Court held a sentencing hearing on July 30, 2009. The primary issues are: (i) whether a conviction for sexual battery in violation of California Penal Code § 243.4(a) is a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii); (ii) whether a criminal history category of V overrepresents Defendant Victor Delgadillo-Gallegos' criminal history; and (iii) whether the Court should vary from the advisory guideline range and sentence Delgadillo-Gallegos to a below-guideline sentence. For the reasons stated at the hearing and for other reasons consistent with those already stated, the Court will overrule Delgadillo-Gallegos' objection because his sexual-battery conviction is a crime of violence, grant in part and deny in part his request for a downward departure for overrepresentation of criminal history, and grant in part his request for a variance from the guideline range.

**PROCEDURAL BACKGROUND**

On March 3, 2009, Delgadillo-Gallegos pled guilty, without a plea agreement, to illegally re-entering the United States in violation of 8 U.S.C. § 1326(a) and (b). See Plea Minute Sheet, filed

August 22, 2008 (Doc. 29). With departures for acceptance of responsibility, his offense level is 21 and his criminal history category is V, yielding a guideline range of 70 to 87 months. The Presentence Investigation Report ("PSR"), disclosed May 7, 2009, recommends a departure to a criminal history of IV, which would result in a guideline range of 57 to 71 months. See PSR ¶¶ 43-44, at 12.

Delgadillo-Gallegos objects to the PSR treating his California sexual-battery conviction as a crime of violence on the grounds that the California statute does not hinge on a lack of consent. See Objection at 2-4. Furthermore, Delgadillo-Gallegos argues in a his motion to deviate from the guidelines that the advisory sentence would be unfair because many of his criminal history points came, for the most part, from three misdemeanors. See Motion to at 1-3. He also asserts that he only returned to the United States to challenge his California conviction. See id. at 2. He ultimately requests that the Court vary from the guideline range to an unspecified range that would be, in the Court's view, "fair and proper." Id. at 4.

The United States argues that a sex offense is a crime of violence even if the act was not committed by actual physical compulsion, when the sexual contact is without consent. See Response to Objection to Presentence Report at 2, filed June 9, 2009 (Doc. 37)("Response to Objection"). In addition, the United States contends that the United States Court of Appeals for the Tenth Circuit's recent decision in United States v. Gonzalez-Jaquez, 566 F.3d 1250 (10th Cir. 2009), which held that California Penal Code § 243.4(a) is a crime of violence, forecloses Delgadillo-Gallegos' objection. See Response to Objection at 2. The United States also opposes any downward variance, and contends that Delgadillo-Gallegos has shown a continued disregard for the law and has, unlike many re-entry defendants, returned to the United States after committing a serious felony. See Response to Defendant's Motion to Deviate from Advisory Guideline

-2-

Recommendations at 2-5 filed July 9, 2009 (Doc. 41).

## **ANALYSIS**

Delgadillo-Gallegos objects to the characterization of his California conviction as a crime of violence, seeks a downward departure in his criminal history, and requests a variance from the guideline sentence. The Court will overrule the objection, and will grant the motion for a downward departure in part. Lastly, the Court will vary to a sentence somewhat below the final guideline range.

Though the Court is not convinced that Delgadillo-Gallegos' challenge to his California conviction being treated as a crime of violence would be successful even before United States v. Gonzalez-Jaquez, that decision makes the Court's ruling here a simple one. United States v. Gonzalez-Jaquez unambiguously held that California Penal Code § 243.4(a) is a crime of violence. See 566 F.3d at 1252-53. While the Tenth Circuit was reviewing for plain error, the discussion and holding on § 243.4(a) make no mention of the standard affecting the outcome, and the Tenth Circuit viewed the issues there as being foreclosed by its precedent. See United States v. Gonzalez-Jaquez, 566 F.3d at 1252-53. Delgadillo-Gallegos' conviction, therefore, is for a crime of violence, and the PSR correctly applied a 16-level enhancement to his offense level.

The PSR suggests that a criminal history category of IV, rather than V, would more accurately represent Delgadillo-Gallegos' criminal history. The United States does not oppose the PSR's suggestion, but Delgadillo-Gallegos argues that a departure down to category III would be more appropriate. Over half of Delgadillo-Gallegos's criminal history points come from two misdemeanors: a reckless driving offense and an alcohol-related offense. These two convictions alone resulted in a total of 6 criminal history `points. In particular, the later offense of driving while intoxicated resulted in 2 points for the offense and generated an additional 3 points because

Delgadillo-Gallegos reentered the United States shortly after serving his sentence on that conviction. See U.S.S.G. § 4A1.1(d) and (e). Based on these convictions, the Court agrees that a criminal history category of IV would more adequately represent the Delgadillo-Gallegos's criminal history. A criminal history category of III, however, would be too low given that, in addition to the two misdemeanors, Delgadillo-Gallegos has two felony convictions. A criminal history category of IV is appropriate and does not "substantially over-represent[] the seriousness of [Delgadillo-Gallegos'] criminal history or the likelihood that [he] will commit other crimes." Id. § 4A1.3(b)(1). Therefore, the Court will grant a downward departure to criminal history category IV because of the nature of Delgadillo-Gallegos's prior convictions. Accordingly, Delgadillo-Gallegos' offense level is 21, which with a criminal history category of IV establishes a guideline imprisonment range of 57 to 71 months.

Though the Court grants the downward departure only in part, the Court nonetheless believes that the guideline sentence is excessive, and, thus, will vary from the suggested guideline range under United States v. Booker, 5442 U.S. 220 (2005), and 18 U.S.C. § 3553(a). Congress has expressed great concern about sexual offenses, but the Court is also concerned about the level of violence used in the crime in California, which involved Delgadillo-Gallegos apparently touching his wife sexually without her consent. The PSR confirms that the victim of sexual battery was his wife, but no other information was provided by the state court in California. According to Delgadillo-Gallegos, he "touched [his wife] because [he] was checking because [he] had been told that she was going around with another man." Transcript of Hearing at 8:7-9 (Delgadillo-Gallegos)(taken July 3, 2009).[1] He asserts that he did not use force. See id. at 15:21-22, 16:16-17.

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited verison. Any final transcript may contain different page and/or line numbers.

The offense is serious, but the Court believes that a 16-level enhancement, which is reserved for crimes of violence, for that conviction appears excessive. On the spectrum of possible conduct falling within the 16-level enhancement, the Court believes that Delgadillo-Gallegos' conduct was not as severe as certain other qualifying conduct, such as violent sexual assault. While the Court takes all sex crimes seriously, in part because Congress has instructed federal courts to do so, the Court must also look at the circumstances to determine whether the Court should, in effect, re-punish a defendant so severely for a prior crime when it sentences a defendant for re-entry. A sentence in the high fifty-plus-month range seems high for Delgadillo-Gallegos. Balancing the § 3553(a) factors, Delgadillo-Gallegos is more in line with defendants with an offense level of 20, which produces a guideline range of 51 to 63 months. The next guideline range, for an offense level of 19, is 46 to 57 months, or an offense level of 20 with a criminal history category of III, is 41 to 51 months, and both ranges produce, at the low end, too low of a sentence and too great of a variance. The Court believes that sentencing Delgadillo-Gallegos consistent with defendants who have a guideline range of 51 to 63 months would afford adequate deterrence and protect the public as much as a sentence of 57 months or more would. The Court will vary from the guideline imprisonment range of 57 to 71 months and sentence the defendant to 51 months. A sentence at the low end of the guideline range of 51 to 63 months better balances the factors in 18 U.S.C. § 3553(a) than does the advisory guideline range in this case.

**IT IS ORDERED** that the request in the Objection to the Presentence Report is overruled, the motion for a downward departure is granted in part and denied in part, and the Motion to Deviate from Advisory Guideline Recommendations is granted. The Court sentences Defendant Victor Delgadillo-Gallegos to 51 months imprisonment.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Gregory J. Fouratt
  United States Attorney
Mary Catherine McCulloch
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Angela Arrellanes
Albuquerque, New Mexico

    *Attorney for the Defendant*